UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 19, 2013

LETTER TO COUNSEL:

      RE:    *Lydia Dagenais v. Commissioner, Social Security Administration*;
              Civil No. SAG-12-2446

Dear Counsel:

On August 16, 2012, the Plaintiff, Lydia Dagenais, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disabled Widow's Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 16). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Dagenais filed her claim for benefits on June 17, 2009, claiming disability beginning on June 4, 2003. (Tr. 124-36). Her claim was denied initially on October 22, 2009, and on reconsideration on October 28, 2010. (Tr. 68-71, 74-75). A hearing was held before an Administrative Law Judge ("ALJ") on November 8, 2011. (Tr. 29-65). Following the hearing, on February 1, 2012, the ALJ determined that Ms. Dagenais was not disabled during the relevant time frame. (Tr. 9-28). The Appeals Council denied Ms. Dagenais's request for review (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Dagenais suffered from the severe impairments of bilateral carpal tunnel syndrome, cervical and lumbar degenerative changes, depression, anxiety, and complicated bereavement. (Tr. 14). Despite these impairments, the ALJ determined that Ms. Dagenais retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except she can only occasionally climb stairs, balance, stoop, kneel, crouch, crawl; she cannot climb ladders or be exposed to extreme cold, gas, dust, fumes, and odors; she can frequently but not continuously feel; she is limited to simple, routine, repetitive tasks involving short, simple instructions, in an environment with few workplace changes, no strict time or production quotas, no public contact, and only brief, infrequent contact with supervisors or coworkers.

(Tr. 17-18). After considering the testimony of a vocational expert ("VE"), the ALJ determined

that Ms. Dagenais could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the time prior to June 30, 2010, when her eligibility for disabled widow's benefits expired. (Tr. 12, 21).

Ms. Dagenais presents a single argument on appeal: that the ALJ should have treated her application for Disabled Widow's Insurance Benefits ("Title II application") as an application for Supplemental Security Income, and should have therefore considered whether or not she was disabled in the period after June 30, 2010.[1] Her argument lacks merit.

Essentially, Ms. Dagenais contends that, following a motor vehicle accident on July 30, 2010, her impairments worsened significantly. Pl. Mot. 3. Although she was no longer eligible for Widow's Disability Benefits at that time, she contends that the ALJ should have addressed her claim as a claim for SSI benefits pursuant to 20 C.F.R. § 416.350. Pl. Mot. 4. That section provides:

> (a) When a person applies for benefits under title II (retirement, survivors, or disability benefits) we will explain the requirements for receiving SSI benefits and give the person a chance to file an application for them if –
>   (1) The person is within 2 months of age 65 or older or it looks as if the person might qualify as a blind or disabled person, and
>   (2) It is not clear that the person's title II benefits would prevent him or her from receiving SSI or any State supplementary benefits handled by the Social Security Administration.
> (b) If the person applying for title II benefits does not file an application for SSI on a prescribed form when SSI is explained to him or her, we will treat his or her filing of an application for title II benefits as an oral inquiry about SSI, and the date of the title II application form may be used to establish the SSI application date if the requirements of § 416.345(d) and (e) are met.

20 C.F.R. § 416.350.

Ms. Dagenais concedes that she was not eligible for SSI at the time of her Title II application, because she was then receiving a survivor's check. (Tr. 33). Because she was financially ineligible, she did not trigger the provisions of § 416.350(a), which require the Commissioner to explain the requirements for SSI benefits only to potentially eligible applicants under Title II. Subsection (b), which allows the application for Title II benefits to be treated as an oral inquiry about SSI under certain circumstances, is only triggered where such an "explanation" is required under subsection (a). Because no such explanation had to be provided to Ms. Dagenais, she cannot avail herself of the provisions in subsection (b).

---

[1] Ms. Dagenais does not challenge the validity of the ALJ's findings as to her ineligibility for Widow's Disability Benefits. A review of the record and the ALJ's opinion does not suggest any basis for remand.

Moreover, the only "inquiry" about SSI evident in the record is counsel's request, at Ms. Dagenais's hearing, that her application be treated as a claim for SSI. That request does not constitute an "oral inquiry" under the provisions of § 416.345, because the ALJ is not an office or official authorized to receive applications. *See* 20 C.F.R. §§ 416.310(b), 416.345(c). As a result, nothing that occurred in Ms. Dagenais's proceedings below triggered any obligation for the Commissioner to consider an SSI claim on her behalf. The ALJ therefore committed no error.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 16) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge